IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM HEPNER | CIVIL ACTION |
| --- | --- |
| Plaintiff, | |
| v. | |
| THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. | NO. 12-5443 |
| Defendant. | |

DuBois, J.                                                                                           May 24, 2013

## M E M O R A N D U M

### I.     INTRODUCTION

This is a disability discrimination case.   Plaintiff, William Hepner, is suing his former employer Thomas Jefferson University Hospitals, Inc., in connection with his termination in December 2011.   Plaintiff alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and retaliation for submitting a worker's compensation claim under state law.   Defendant now moves to dismiss the Amended Complaint.   For the reasons that follow, the Court grants in part and denies in part defendant's Motion to Dismiss.

### II.     BACKGROUND[1]

Plaintiff was employed by defendant as a registered nurse for approximately twenty years and worked roughly 30 hours per week. (Am. Compl. at ¶10, 12.)   In March 2011 plaintiff suffered an unspecified "work-related injury," which "consisted of serious injuries to plaintiff's back."   (Id. at ¶13, 17.)   Following the injury, plaintiff requested that he be put on "light duty,"

---

1 As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true.

1

which included, "being prohibited from wearing a lead jacket, being restricted to lifting no more than 25 pounds, and being prohibited from performing CPR." (Id. at ¶20.) Plaintiff also submitted a claim for worker's compensation. (Id. at ¶14.)

Plaintiff claims that shortly after he requested assignment to light duty and submitted his worker's compensation claim, he "began to experience exhibited hostility from his management including but not limited to placing him out on involuntary leaves." (Id. at ¶22.) Plaintiff worked for defendant on light duty until September 2011, when he was placed on an involuntary medical leave of absence. (Id. at ¶23.) Specifically, plaintiff was informed that he was being placed on medical leave,[2] "because the company's policy was that if an employee is on light duty for 90 days and has not been restored to full duty that the employee will be placed on medical leave." (Id. at ¶24.) Plaintiff avers that he was placed on leave because of "management's perceptions of plaintiff's limitations, and/or because of his request for an accommodation." (Id. at ¶25.) Plaintiff also alleges that defendant failed to properly designate plaintiff's medical leave as FMLA leave or otherwise inform plaintiff of his rights and obligations under the FMLA. (Id. at ¶27.)

Plaintiff claims he could have returned to regular work in mid-November of 2011. (Id. at ¶29.) However, defendant refused to permit plaintiff's return to work and terminated plaintiff by letter dated December 2, 2011. (Id. at ¶31.) The letter stated the reasons for the termination: (1) plaintiff was "performing agency work during his September to October 2011 medical leave," and (2) because plaintiff participated in a running event. (Id. at ¶32.) Plaintiff claims that he did not

---

2 While the Amended Complaint states that plaintiff was told by management he "was being placed on light duty" because of the company's policy, it is clear that the paragraph refers to the reason plaintiff was placed on "medical leave," as discussed in the preceding paragraph. (See Am. Compl. at ¶23) ("Plaintiff was placed on an involuntary medical leave of absence by Defendant because of Defendant's perceptions of Plaintiff's limitations and/or because of his request for an accommodation.").

2

perform any outside "agency work" during his medical leave. (Id. at ¶33.) Plaintiff concedes that he "has a long history of participating in running events," and "regularly exercised during his medical leave," but he states that such exercise assisted "with his recovery and continued rehabilitation." (Id. at ¶34.)

### III. LEGAL STANDARD

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### IV. DISCUSSION

The Amended Complaint asserts three "causes of action" in which plaintiff raises five

distinct claims: (1) discrimination under the ADA, (2) retaliation under the ADA, (3) interference under the FMLA, (4) retaliation under the FMLA, and (5) retaliation for filing a worker's compensation claim. They are addressed in turn.

### A. FMLA Claims

"Courts recognize two causes of action under the FMLA: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his FMLA rights pursuant to 29 U.S.C. § 2615(a)(1), and retaliation claims under 29 U.S.C. § 2615(a)(2), in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Michels v. Sunoco Home Comfort Serv., 2004 WL 2897945, at *3 (E.D. Pa. Dec. 13, 2004).

Defendant argues that plaintiff has not pled an interference claim because he has not established a serious health condition and has not shown that he had FMLA leave remaining. Defendant also argues that certain of plaintiff's interference claims are improper because they do not involve the denial of a right under the FMLA. Finally, defendant argues that plaintiff's retaliation claim is improper because no retaliatory animus is shown. These arguments are addressed in turn.

#### 1. FMLA Interference

"[T]o state a claim for FMLA interference, a plaintiff must plead that: (1) she was an eligible employee under the FMLA; (2) the defendant-employer was subject to the requirements of the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave notice to the defendant of her intention to take FMLA leave; and (5) she was denied the benefits to which she was entitled under the FMLA." Figueroa v. Merritt Hospitality, LLC, 2011 WL 4389585, at *3 (E.D. Pa.

4

Sept. 21, 2011).

Defendant does not contest that plaintiff was an eligible employee under the FMLA, that defendant was subject to the requirements of the FMLA, or that plaintiff gave notice regarding his intent to take FMLA leave. It is defendant's position that plaintiff has failed to plead entitlement to FMLA leave and denial of the benefits to which he was entitled.

    i.   Entitlement - Serious Health Condition

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

"The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). "A serious health condition involving continuing treatment by a health care provider includes . . . A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition. . . . " 29 C.F.R. § 825.115(a)(1)-(2).

A serious health condition also includes, "[a]ny period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which: (1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider; (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and (3)

5

May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)." 29 C.F.R. § 825.115(c)(1)-(3).

Defendant argues that plaintiff has failed to plead entitlement to FMLA leave, because no facts are alleged that would support a finding of a "serious health condition," as evidenced by inpatient treatment or incapacity for three consecutive full calendar days. Plaintiff counters that he has sufficiently alleged a "serious health condition" by alleging a "chronic serious health condition," which does not require either inpatient treatment or three days of incapacity.

In the Amended Complaint, plaintiff claims that that he "has and continues to suffer from a back disability caused by bulging discs and herniations . . . and plaintiff has and continues to obtain medical treatment and physical therapy. Plaintiff's back disability, on occasion, affects plaintiff's ability to bend, sit for long periods of time, sleep, and perform manual tasks." (Am. Compl. at ¶18-19.)

The Court concludes that plaintiff has alleged sufficient facts to support a claim that his March 2011 injury (1) could require periodic treatment, (2) continues over an extended time, and (3) may cause episodic incapacity, as required by 29 C.F.R. § 825.115(c)(1)-(3). Thus, plaintiff has properly alleged a "serious health condition" in the form of a "chronic serious health condition," as defined by applicable regulations.[3] See also Pinson v. Berkley Med. Res., Inc., 2005 WL 3210950, at *16 (W.D. Pa. June 21, 2005) (finding evidence of chronic serious health condition for back and neck pain.) Defendant's Motion on this ground is therefore denied.

ii. Entitlement - Exhaustion of Leave

As noted above, under the FMLA, "an eligible employee shall be entitled to a total of 12

---

[3] Because the Court concludes that plaintiff has sufficiently alleged a "chronic serious health condition," the Court does not decide whether plaintiff has also properly pled any other type of "serious health condition."

workweeks of leave during any 12-month period . . . . " 29 U.S.C. § 2612(a)(1)(D). If an employee is absent for longer than that period, he is "subject to immediate discharge on the very first workday that he [is] both absent from work and no longer protected by the FMLA." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 148 (3d Cir. 2004). Defendant argues that plaintiff has not pled that he had any remaining FMLA leave time, and thus cannot show entitlement to FMLA leave.

Plaintiff responds that defendant failed to properly designate medical leave as FMLA-qualifying, and thus "the information as to whether or not plaintiff allegedly exhausted his FMLA leave is in the hands of defendant." (Resp. at 14.) In reply, defendant submitted documents which it claims establish that plaintiff exhausted his FMLA leave time. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, "if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Defendant attempts to circumvent this requirement by arguing that the documents it submitted are "integral to and form the basis of Hepner's claims . . . ." (Reply at 3 n. 2.) A "document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Id. "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is

7

dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." Id.

In this case, plaintiff does not refer to the documents submitted by defendant in the Amended Complaint or even reference any figures concerning leave taken and remaining. See also Stratechuk v. Bd. of Educ., 200 F. App'x 91, 94 (3d Cir. 2006) (finding document not integral to complaint in part because, "[a]t no time in the complaint does [plaintiff] quote from the official policy or even mention it."). Accordingly, the Court concludes that plaintiff did not rely upon the submitted documents in asserting claims in the Amended Complaint. See Burlington Coat Factory, 114 F.3d at 1426. The submitted documents are not "integral to or explicitly relied" upon in the Amended Complaint, and the Court excludes the documents as outside the pleadings. See Fed. R. Civ. P. 12(d).[4]

Without considering the submitted documents, plaintiff's alleges in the Amended Complaint that he suffered an injury in March 2011, filed a worker's compensation claim in May 2011, was placed on involuntary medical leave in September 2011, and was terminated via correspondence dated December 2, 2011. Plaintiff claims that when he was placed on leave in September 2011, he could have returned to regular work in mid-November 2011. Thus, if plaintiff began his FMLA-qualifying leave on September 1, 2011, his twelve weeks of protected leave would have run until approximately the last full week of November 2011. Accepting the facts alleged by the plaintiff as true, the Amended Complaint states a plausible claim that plaintiff had not exhausted his FMLA leave time as of the date he sought reinstatement. Defendant's Motion on this ground is therefore denied.

---

4 The Court concludes that treatment of the instant Motion as one for summary judgment would be inappropriate at this stage in the litigation. See Fed. R. Civ. P. 12(d).

### iii. Denial of Right Under the FMLA

Defendant next argues that plaintiff cannot show that he was denied a right under the FMLA for his claims that (1) defendant failed to designate and notify plaintiff that certain leave was FMLA eligible, (2) defendant exhibited hostility towards plaintiff for FMLA absences, and (3) defendant "attempt[ed] to chill" plaintiff's use of FMLA leave. (Am. Compl. at ¶47.)

Applicable regulations state that that, "[i]nterfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). Plaintiff's allegations that defendant was hostile and "attempted to chill" his use of FMLA leave are thus properly pled claims under the FMLA, as they constitute claims of interference with statutory rights. Defendant's Motion on these grounds is denied.

Next, a plaintiff may "show an interference with his right to leave under the FMLA . . . if he is able to establish that [a] failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury." Conoshenti, 364 F.3d at 143. See also 29 C.F.R. § 825.301(e) ("If an employer's failure to timely designate leave in accordance with § 825.300 causes the employee to suffer harm, it may constitute an interference with, restraint of, or denial of the exercise of an employee's FMLA rights.").

In this case, the Amended Complaint alleges that defendant failed to designate leave time as FMLA-qualifying, and failed to notify plaintiff of his rights and obligations under the FMLA. However, the Amended Complaint sets forth no facts concerning what harm, if any, plaintiff suffered as a consequence of defendant's failure to designate or notify him of FMLA leave. Plaintiff also presents no argument in his motion papers regarding any such harm. Any attempt

9

by the Court to determine the harm caused by defendant's failure to designate and notice plaintiff of FMLA leave would be purely speculative. See Hofferica v. St. Mary Med. Ctr., 826 F. Supp. 2d 813, 823-24 (E.D. Pa. 2011) ("A plaintiff cannot allege that an employer's failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury, merely by claiming damages for such a perceived wrong.") (internal citations omitted).

That part of defendant's Motion seeking dismissal of plaintiff's claims of interference under the FMLA for (1) failing to properly designate time off from work by plaintiff as FMLA time, and (2) failing to provide plaintiff with individualized notifications of his rights, obligations and entitlements under the FMLA, is granted. This dismissal is without prejudice to plaintiff's right to file a second amended complaint consistent with this Memorandum if warranted by the facts.

2. FMLA Retaliation

"A plaintiff states a valid cause of action for retaliation where he asserts that; (1) he is protected under the FMLA; (2) he suffered an adverse employment action, and (3) the adverse action was causally related to the plaintiff's exercise of his or her FMLA rights." Miller v. Citizen Care, 2009 WL 4894471, at *5 (W.D. Pa. Dec. 17, 2009). Defendant argues that no claim of retaliation is properly pled because plaintiff is not protected under the FMLA and because no retaliatory animus on the part of defendant has been shown.

The Court rejects defendant's arguments. As noted above, the Court finds that plaintiff has properly pled entitlement to FMLA leave. Further, plaintiff has alleged facts sufficient to permit a plausible inference that the adverse actions taken against plaintiff were "causally related" to his exercise of FMLA rights. Id. "[T]emporal proximity between the protected activity and

the termination is sufficient to establish a causal link." Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). The alleged adverse actions in this case, such as involuntary medical leave and plaintiff's termination, occurred shortly after plaintiff attempted to exercise his FMLA rights. Such timing establishes a close temporal proximity between the adverse employment action and plaintiff's alleged exercise of his FMLA rights. The Court concludes that plaintiff has properly pled his retaliation claims pursuant to the FMLA, and defendant's Motion on this ground is denied.

B. Americans with Disabilities Act Claims

Defendant also moves to dismiss plaintiff's discrimination and retaliation claims under the ADA. The arguments are addressed in turn.

1. ADA Discrimination

"To state a claim [for discrimination] under the ADA, an individual must (1) be disabled within the meaning of the ADA; (2) be otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) have suffered an adverse employment decision." Miller v. Univ. of Pittsburgh Med. Ctr., 350 F. App'x 727, 728-29 (3d Cir. 2009).

Disability under the ADA means, "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. 12102(1). Defendant argues first that plaintiff has failed to allege facts to support an "actual" disability or the "record of" such a disability. Specifically, defendant notes that the Amended Complaint states only that plaintiff's back disability "on occasion, affects plaintiff's ability to bend, sit for long periods of time, sleep, and perform manual tasks." (Am. Compl. at ¶19.) Such language, defendant argues, does not

11

establish that plaintiff suffered from a substantially limiting disability, as required under the ADA.

However, "at this early pleading stage, [plaintiff is not required] to go into particulars about the life activity affected by [his] alleged disability or detail the nature of [his] substantial limitations." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009). "Of course, [plaintiff] must ultimately prove that [he] is substantially limited in a recognized major life activity to prevail on [his] claim. At the pleading stage, however, [plaintiff's] allegation regarding disability is sufficient." Id. at 214. The Court concludes that plaintiff's allegations regarding his back injury are sufficient to support a claim of disability under the ADA, and defendant's Motion on this ground is denied.

Defendant next argues that plaintiff cannot establish that he was "regarded as" disabled under the ADA. "[A]n individual is 'regarded as having such an impairment' if the individual is subjected to a prohibited action because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity." 29 C.F.R. § 1630.2. "Our analysis of this claim focuses not on [plaintiff] and his actual abilities, but rather on the reactions and perceptions of the persons interacting or working with him." Kelly v. Drexel Univ., 94 F.3d 102, 108-09 (3d Cir. 1996).

The Amended Complaint avers that defendant placed plaintiff on involuntary medical leave due to defendant's perceptions of plaintiff's limitations, and later terminated him because of such perceptions. Defendant claims that such allegations cannot support plaintiff's allegation that defendant regarded him as disabled, or that such perception caused plaintiff's termination. Defendant cites Hajel v. Ludlum, 2010 WL 2103923, at *5 (W.D. Pa. May 25, 2010), for the proposition that, "forced medical leave does not lead to an inference that [plaintiff's employer]

12

perceived him as having a substantially limiting disability under the ADA." Defendant also cites Butler v. BTC Foods Inc., 2012 WL 5315034 (E.D. Pa. Oct. 19, 2012), in support of its argument that plaintiff failed to establish a causal connection between his termination and defendant's perception of his disability.

The cases cited by defendant are inapposite. In Hajel, the plaintiff's sole allegation was that involuntary medical leave constituted an ADA violation, as the plaintiff returned to work after his leave had concluded. 2010 WL 2103923, at *5. In this case, plaintiff claims that defendant treated him with hostility, placed him on involuntary medical leave and then terminated him due to defendant's perceptions of his disability. Further, in Butler the court noted that, "the Complaint lacks specificity about the timing of the hostile treatment sufficient to support an inference of a causal connection," and granted the plaintiff leave to clarify his allegations. 2012 WL 5315034 at *4, n.44 (E.D. Pa. Oct. 19, 2012). The Amended Complaint in this case alleges that plaintiff was subjected to hostile treatment, involuntary medical leave, and termination in close temporal proximity to plaintiff's injury and subsequent request for light duty assignment. Construing the Amended Complaint in the light most favorable to plaintiff, the Court concludes that plaintiff has adequately pled that defendant regarded him as disabled and that such perception caused adverse employment actions against plaintiff. Defendant's Motion on this ground is thus denied.

2. ADA Retaliation

To establish a prima facie case of illegal retaliation under the ADA, "a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Fogleman v. Mercy Hosp.,

13

Inc., 283 F.3d 561, 567-68 (3d Cir. 2002). Retaliation "under the ADA includes retaliation against an employee for requesting an accommodation." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 188 (3d Cir. 2010).

Defendant claims that plaintiff has failed to plead a protected employee activity: in this case, requesting an accommodation. That is, defendant argues that plaintiff has not specified what precise accommodation was denied. Alternatively, defendant avers that if the alleged accommodation refers to plaintiff's request for light duty, then such accommodation was granted and no adverse action may be shown.

The Court disagrees. Plaintiff pled that he requested being put on light duty, and the Amended Complaint describes with specificity what restrictions are encompassed in light duty. (See Am. Compl. at ¶20.) Assignment to light duty is a reasonable accommodation under the ADA. See Motley v. New Jersey State Police, 196 F.3d 160, 166 (3d Cir. 1999). While the Amended Complaint supports defendant's argument that plaintiff's light duty request was initially granted, plaintiff also pleads that he was treated with hostility for requesting light duty, was placed on involuntary leave, and was terminated shortly thereafter. (Am. Compl. at ¶22, 24, 31.) The Court thus concludes that plaintiff has properly pled his retaliation claims under the ADA, and defendant's Motion on this ground is denied.

C. State Law Claim

Defendant finally argues that the Court should dismiss plaintiff's state law claim of retaliation for submitting a worker's compensation claim. It is defendant's position that because the Court should dismiss all of plaintiff's federal claims, it should decline supplemental jurisdiction as to the remaining state law claim. As the Court has not dismissed all of plaintiff's

14

federal claims, however, the Court will exercise supplemental jurisdiction over plaintiff's state law claim. Defendant's Motion on this ground is denied.

V.  **CONCLUSION**

For the foregoing reasons, the Court grants that part of defendant's Motion which seeks a dismissal of plaintiff's claims of interference under the FMLA for (1) failing to properly designate time off from work by plaintiff as FMLA time, and (2) failing to provide plaintiff with individualized notifications of his rights, obligations, and entitlements under the FMLA. This denial is without prejudice to plaintiff's right to submit a second amended complaint consistent with this Memorandum if warranted by the facts. The Court denies the remainder of defendant's Motion. An appropriate order follows.